JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
Email: jboyle@nevadafirm.com
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
Email: jlujan@nevadafirm.com
HOLLEY DRIGGS LTD.
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: (702) 791-0308

Frank D'Angelo (Pro Hac Vice Forthcoming)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4189
Email: fdangelo@loeb.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HYBE CO. LTD. f/k/a BIG HIT ENTERTAINMENT CO. LTD., BIGHIT MUSIC CO. LTD. and HYBE AMERICA INC., <br><br>Plaintiffs, <br><br>v. <br><br>JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANIES 1-100, an individual, <br><br>Defendant. | CASE NO.: <br><br>**COMPLAINT** |

Plaintiffs HYBE Co. Ltd. f/k/a Big Hit Entertainment Co. Ltd. ("HYBE"), BIGHIT MUSIC Co. Ltd. ("BIGHIT"), and HYBE America Inc. ("HYBE America") (collectively, "Plaintiffs"), by their undersigned attorneys, complaining of Defendants herein, allege as follows:

**NATURE OF THE ACTION**

1. This action arises under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), the Nevada right of publicity statute, NRS §§ 597.770 *et seq.*, the Nevada Deceptive Trade Practices Act, NRS §§ 598.0903 *et seq.*, and Nevada common law.

///

- 1 -

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to Sections 1331, 1332 and 1338 of the Judicial Code, 28 U.S.C. §§ 1331, 1332 and 1338, and through the Court's pendent jurisdiction. Venue is proper under 28 U.S.C. § 1391 because the Defendants are subject to personal jurisdiction in this District.

**PARTIES**

3. Plaintiff HYBE is a music-based entertainment lifestyle company with its principal place of business in Seoul, South Korea, and parent company to plaintiffs HYBE America and BIGHIT.

4. Plaintiff HYBE America is a U.S.-based affiliate and wholly-owned subsidiary of HYBE, with its principal place of business in Los Angeles, California.

5. Plaintiff BIGHIT is one of the world's leading record labels, with its principal place of business in Seoul, South Korea. BIGHIT manages the musical performing group known as BTS and owns the rights in and to BTS's name, logos, likenesses and trademarks (collectively, the "Trademark"), which it manages and exploits through its exclusive management of BTS.

6. BIGHIT has conveyed to HYBE the exclusive rights to exploit the Trademark pertaining to BTS, including for the purposes of producing and planning the group's concert performances as well as producing, distributing, and selling various types of music-related merchandise.

7. HYBE sells, and licenses the sale of, merchandise through retail establishments and at BTS's concert performances. The merchandise sold by HYBE and/or its licensees at BTS's concerts includes, without limitation, tour and program books, T-shirts and other clothing, posters, photographs, and stickers (collectively, the "Tour Merchandise"). HYBE holds the exclusive rights to sell Tour Merchandise in connection with BTS's scheduled concert performances at Allegiant Stadium in April 2022. BTS's name has been used for years to identify it as a K-pop (or "Korean pop") group and boy band in all phases of the entertainment industry and to distinguish BTS from all other such groups.

8. BTS is one of the most popular and successful musical acts worldwide. It has received 33 Mnet Asian Music Awards, 29 Melon Music Awards, 24 Golden Disc Awards, 20 Seoul Music Awards, six Korean Music Awards, 19 Gaon Chart Music Awards, nine *Billboard* Music Awards, six American Music Awards, and six MTV Video Music Awards, among countless of other accolades. Having sold over 32 million albums on the Gaon Music Chart, BTS is the best-selling artist in South Korean history. In South Korea alone, BTS holds five Multi-Million albums and five Platinum streaming singles. As the first Korean group to receive RIAA certification, BTS has one Triple Platinum single, one Double Platinum single, three Platinum albums, three Platinum singles, three Gold singles, and one Gold album in the U.S. Its last five albums debuted at number one on the U.S. *Billboard* 200—making them the first Korean albums to top the U.S. albums chart and the highest-charting albums by an Asian musical act in the U.S. ever.

9. BTS also has an ubiquitous social media presence and cultural influence. As of 2022, the group has attained 25 Guinness World Records, including the world record for most Twitter engagements. It has spent 210 weeks at #1 on the *Billboard* Social 50 chart, which tracks the most active musical artists on the world's leading social networking services. The group's members have been awarded a fifth-class Hwagwan Order of Cultural Merit from the President of South Korea for their contributions in spreading Korean culture and language, and they are widely credited with having revitalized the Korean music industry and boosted musical industry revenues worldwide. It has been estimated that BTS's economic impact on South Korea amounts to several billion dollars, and its ticket sales in Korea and abroad have shattered records and brought millions of dollars to cities in which the group has performed live.

10. Plaintiffs bring this action to prevent the sale of counterfeit and infringing "bootleg" tour merchandise in connection with BTS's concert performances at Allegiant Stadium, both at the concert venue itself and at official vending sites that will be operated nearby. If such counterfeit and infringing activities were permitted to continue, it would cause substantial harm to Plaintiffs, their licensees, and BTS. HYBE previously obtained identical relief in connection with several of BTS's concert performances in 2019 and 2021, including in Los Angeles County Superior Court (*HYBE Co. Ltd. f/k/a Big Hit Entertainment Co. Ltd. et al. v. John Does 1-100 et al.*, Case No.

21AHCV00077 (Cal. Super. Ct. filed November 5, 2021); *Big Hit Entertainment Co. Ltd. v. John Does 1-100 et al.*, Case No. 19GDCV00547 (Cal. Super. Ct. filed May 1, 2019)), and in the U.S. District Court for the Northern District of Illinois (*Big Hit Entertainment Co. Ltd. v. Various John Does et al.*, Case No. 19 CV 03070 (N.D. Ill., filed May 7, 2019)).[1] In each of those actions, the courts granted a motion for a Temporary Restraining Order and Order of Seizure, pursuant to which HYBE and its authorized representatives seized a substantial amount of counterfeit and infringing Tour Merchandise from bootleggers in the vicinity of BTS's concert performances.

11. Plaintiffs now seek the same relief granted by those courts in 2019, albeit in connection with BTS's upcoming scheduled concert performances at Allegiant Stadium in Las Vegas, Nevada on April 8, 9, 15, and 16 (the "Vegas Shows").

12. The identities of Defendants John and Jane Does 1-100 and XYZ Companies 1-100 are not presently known, and this Complaint will be amended to include the names of such individuals and entities when identified. Upon information and belief, Defendants will be present in and about the City of Las Vegas, State of Nevada, in connection with the Vegas Shows. Defendants, therefore, will be subject to this Court's jurisdiction.

**FIRST CAUSE OF ACTION**

**(VIOLATION OF THE LANHAM ACT)**

13. Plaintiffs repeat and reallege each allegation set forth in the foregoing paragraphs, as though fully set forth herein.

14. BTS has used its inherently distinctive name and Trademark to identify officially authorized goods and services and to distinguish it from other musical performing groups. BTS has, among other things, prominently displayed the Trademark in advertising and promotional material; in and on compact discs, audiotape boxes, and streaming services; and on merchandise, including the Tour Merchandise. Plaintiffs and BTS have realized, and expect to realize, substantial income from the sale of merchandise bearing BTS's Trademark (including the Tour

---

[1] At the time of the 2019 proceedings, HYBE was known as "Big Hit Entertainment Co. Ltd."

Merchandise), and hundreds of thousands of such items have been sold throughout the United States.

15. As a result of the foregoing, BTS's Trademark has developed and now possesses secondary and distinctive meaning to purchasers of the Tour Merchandise.

16. BTS has achieved wide renown during its career in the music industry. Its Trademark has been used in interstate commerce on and for the purpose of identifying, among other things, Tour Merchandise, including T-shirts and other apparel.

17. BTS has a decidedly strong and loyal following among concert-goers, record buyers, and subscribers to streaming services. It has appeared—and will appear—in concerts at major arenas and stadiums in the United States and around the world and has been seen and heard in concert by millions of popular music enthusiasts.

18. In February 2022, Plaintiffs announced that BTS would be performing the Vegas Shows at Allegiant Stadium on April 8, 9, 15, and 16, 2022.

19. In connection with those shows, HYBE has licensed the Trademark for use in and on official Tour Merchandise to be sold in connection with the Vegas Shows in the vicinity of Allegiant Stadium. Specifically, HYBE has licensed such rights to its wholly-owned U.S. subsidiary HYBE America, which has entered into an agreement with Merch Traffic ("MT") authorizing MT to sell official Tour Merchandise at Allegiant Stadium between April 7 and April 16, 2022. HYBE America and its affiliates will also sell official Tour Merchandise at "pop-up" (*i.e.*, temporary) retail locations within close proximity to Allegiant Stadium between April 5 and April 17, 2022.

20. Upon information and belief, Defendants have engaged, and will continue to engage, in the unauthorized manufacture, distribution and sale of inferior merchandise bearing BTS's Trademark (the "Bootleg Merchandise") in the vicinity of the Vegas Shows. Plaintiffs believe that the Defendant bootleggers and counterfeiters will sell, or attempt to sell, Bootleg Merchandise at or near the Vegas Shows.

///

///

21. The Bootleg Merchandise is of the same general appearance as the Tour Merchandise and is likely to confuse prospective purchasers as to the source or sponsorship of such Bootleg Merchandise.

22. Upon information and belief, the Bootleg Merchandise is generally of inferior quality. The sale of such merchandise is likely to injure the reputation of BTS and Plaintiffs, which have developed the reputation for high quality associated with the Tour Merchandise by virtue of BTS's public performances and Plaintiffs' sale of officially licensed BTS merchandise in connection with such performances.

23. The manufacture, distribution, and sale of Bootleg Merchandise by Defendants, and those acting in concert with Defendants, constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. The aforesaid acts by Defendants are likely to cause the purchasing public to believe that the sale of such Bootleg Merchandise is authorized, sponsored, or approved by BTS and Plaintiffs and that such Bootleg Merchandise is subject to the same quality control and regulation required by BTS and Plaintiffs.

25. The use by Defendants and others of BTS's Trademark constitutes an attempt to palm off and appropriate to themselves BTS's and Plaintiffs' exclusive rights therein.

26. Upon information and belief, Defendants have engaged, and will continue to engage, in such unauthorized activities in this state to the great injury of Plaintiffs and BTS.

27. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered injury in fact, as described herein.

28. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

///

///

///

## SECOND CAUSE OF ACTION

### (UNFAIR COMPETITION)

29. Plaintiffs repeat and reallege each allegation set forth in the foregoing paragraphs, as though fully set forth herein.

30. Upon information and belief, the aforesaid acts by Defendants have been, and will continue to be, committed with full knowledge of the rights of Plaintiffs and BTS, and with the intent and effect of misleading and confusing the public and misappropriating and trading upon the property rights, goodwill and reputation inhering to the name and likeness of BTS.

31. Such misappropriation and unfair competition will interfere with Plaintiffs' rights and ability to exploit the commercial value of BTS's Trademark.

32. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## THIRD CAUSE OF ACTION

### (VIOLATION OF THE RIGHT OF PUBLICITY)

33. Plaintiffs repeat and reallege each allegation set forth in the foregoing paragraphs, as though fully set forth herein.

34. By virtue of the expenditures of time, effort, and talent by BTS and Plaintiffs in advertising, publicizing, and promoting the accomplishments of BTS and through extensive commercial exploitation of its public persona, BTS and Plaintiffs have created rights of publicity in BTS's name

35. By virtue of assignment from BTS, Plaintiffs are the owners and exclusive licensees of BTS's (and its individual members') rights of publicity in their names and likenesses. Defendants have used, and will continue to use, BTS's Trademarks without authorization and for purposes of trade and for other commercial purposes.

36. The aforesaid uses of the Trademark by Defendants constitute infringements of such rights of publicity pursuant to NRS §§ 597.770 *et seq*.

37. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered injury in fact, as described herein.

38. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## **FOURTH CAUSE OF ACTION**

### **(VIOLATION OF NEVADA DECEPTIVE TRADE PRACTICES ACT)**

39. Plaintiffs repeat and reallege each allegation set forth in the foregoing paragraphs, as though fully set forth herein.

40. Plaintiffs' claim hereunder arises under the Nevada Deceptive Trade Practices Act, NRS §§ 598.0903 *et seq*.

41. The aforesaid acts by Defendants constitute deceptive trade practices in violation of NRS § 598.0915 insofar as Defendants are knowingly passing off the Bootleg Merchandise as being affiliated with, sponsored by, or approved by Plaintiffs and/or BTS, when in fact it is not.

42. The aforesaid acts by Defendants likely to cause the purchasing public to believe that the sale of such Bootleg Merchandise is affiliated with, sponsored by, or approved by Plaintiffs and/or BTS and that such Bootleg Merchandise is subject to the same quality control and regulation required by BTS and Plaintiffs, when in fact it is not.

43. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered injury in fact, as described herein.

44. Plaintiffs have no adequate remedy at law and have suffered, and will continue to suffer, irreparable harm and damage as a result of Defendants' aforesaid acts, which, if not enjoined, will cause injury and monetary loss in an amount presently incalculable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek relief as follows:

1. That Defendants, their agents, servants, employees, officers, attorneys, successors, and assigns, and all persons acting in concert with Defendants, or on their behalf, be enjoined preliminarily during the course of this litigation and permanently, from:

a. manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products bearing the name, trademark, or likeness of BTS or any colorable variation thereof; and

b. representing that any article of merchandise manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiffs.

2. That this Court authorize agents of Plaintiffs, the local and state police, and/or any persons acting under their supervision, to seize and impound any and all Bootleg Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within, or in the vicinity of the Vegas Shows, before, during and after said concerts.

3. That Defendants deliver up for destruction all Bootleg Merchandise bearing the name, trademark, or likeness of BTS.

4. That Defendants pay to Plaintiffs damages in an amount to be determined based upon Plaintiffs' loss of income from Defendants' unauthorized activities.

5. For an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117 and other operation of law.

6. That Plaintiffs have such other and further relief as the Court deems to be reasonable, necessary and just.

DATED this 22nd day of March, 2022.

**HOLLEY DRIGGS LTD.**

　　　　　*/s/ James D. Boyle*
JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

LOEB & LOEB LLP

Frank D. D'Angelo, Esq. (*Pro Hac Vice Forthcoming*)
345 Park Avenue
New York, New York 10154

*Attorneys for Plaintiffs*