# EXHIBIT 5

# EXHIBIT 5

JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
Email: jboyle@nevadafirm.com
JESSICA M. LUJAN, ESQ.
Nevada Bar No. 14913
Email: jlujan@nevadafirm.com
HOLLEY DRIGGS LTD.
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: (702) 791-0308

Frank D'Angelo (Pro Hac Vice Submitted)
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4189
Email: fdangelo@loeb.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HYBE CO. LTD. f/k/a BIG HIT ENTERTAINMENT CO. LTD., BIGHIT MUSIC CO. LTD. and HYBE AMERICA INC., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANIES 1-100, an individual, <br><br> Defendants. | CASE NO.:   2:22-cv-00510-JAD-EJY <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS'** ***EX PARTE*** **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER; PRELIMINARY INJUNCTION; AND ORDER OF SEIZURE** |

Plaintiffs HYBE Co. Ltd. f/k/a Big Hit Entertainment Co. Ltd., BIGHIT MUSIC Co. Ltd., and HYBE America Inc. (collectively, "Plaintiffs"), moved for the entry of a Temporary Restraining Order, an Order of Seizure, and thereafter a Preliminary Injunction Order, enjoining Defendants John Does 1-100, Jane Does 1-100, and XYZ Companies 1-100, their true identities being unknown, and all those acting in concert with defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of clothing, photographs, posters, stickers, and other merchandise bearing the registered trademarks, service marks, names, likenesses, logos and other indicia (collectively, the "Trademarks")" of the musical group known as BTS (the "Artist"),

pursuant to Fed. R. Civ. P. 65, LR 65-1, 15 U.S.C. § 1116(d), Nev. Rev. Stat. §§ 597.770 *et seq.*, and Nevada common law. The Court, having duly considered Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction; and Order of Seizure (the "Motion"), the declarations and exhibits submitted therewith, the pleadings and records on file herein, including any opposition briefs and evidence presented by Defendant, and having received the oral argument of counsel presented to this Court, hereby makes the following preliminary findings and conclusions:

1. By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them;

2. The defendants, and those acting in concert or participation with them, have infringed upon Plaintiffs and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against Plaintiffs and the Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Artist's Trademarks (the "Bootleg Merchandise") at or near the sites of the Artist's concert performances without having obtained a license or any other authorization to do so;

3. The said acts of the defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a), in that they:

   a. involve goods or services;

   b. are activities which affect interstate commerce; and

   c. are likely to cause confusion or deception as to the origin of the Infringing Merchandise in that they falsely represent that such merchandise is made by, sponsored by, or otherwise associated with the Artist or the plaintiff;

4. Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Bootleg Merchandise in connection with the Artist's concert performances unless restrained by order of the Court;

13601-02/2725543.docx

5. Immediate and irreparable injury, loss or damage will result to the Plaintiffs before defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that the defendants will manufacture, distribute, and sell Bootleg Merchandise, and will continue to do so, and that, unless said defendants are enjoined from said manufacture, distribution, and sale, Plaintiffs will suffer immediate and irreparable injury and harm in the form of lost income, lessening and dilution of the value of the Artist's Trademarks, interference with Plaintiffs' ability to exploit, market, and license their merchandising rights respecting the Artist's Trademarks, confusion in the marketplace as to the duly authorized source of the Bootleg Merchandise, and impairment of the goodwill Plaintiffs and their licensees have in the Artist's Trademarks; and

6. A temporary restraining order should issue without notice because defendants' identities will not be known until they are stopped, served with the order, and their goods are seized, and that notice to defendants would threaten destruction of the disputed property, removal of the disputed property beyond the Court's jurisdiction, or sale of the disputed property to an innocent third party;

**IT IS HEREBY ORDERED** that defendants, various John Does, Jane Does, and XYZ Companies, their true identities being unknown, shall appear before this Court, located at 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, on _____, 2022, at _____ a.m./p.m., or as soon thereafter as counsel can be heard, why an order should not be entered, granting to Plaintiffs HYBE Co. Ltd. f/k/a Big Hit Entertainment Co. Ltd., BIGHIT MUSIC Co. Ltd., and HYBE America Inc. (collectively, "Plaintiffs") a preliminary injunction enjoining the defendants John Does 1-100, Jane Does 1-100, and XYZ Companies 1-100, their true identities being unknown, and all those acting in concert with defendants, from the unauthorized manufacture, distribution, sale or holding for sale, of clothing, photographs, posters, stickers, and other merchandise (collectively, the "Bootleg Merchandise") bearing the registered trademarks, service marks, names, likenesses, logos and other indicia (collectively the "Trademarks") of the musical group known as BTS (the "Artist").

13601-02/2725543.docx

**IT IS HEREBY FURTHER ORDERED** that, pending a further hearing and determination of the Motion, the defendants and their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms and corporations acting in concert with said defendants, be and hereby are temporarily restrained and enjoined from manufacturing, distributing, and selling the Bootleg Merchandise bearing the Artist's Trademark; and

**IT IS HEREBY FURTHER ORDERED** that the United States Marshal for this District, the state and the local police, local deputy sheriffs, counsel for Plaintiffs, Plaintiffs' representatives, and persons acting under the supervision of any of the foregoing persons, are hereby authorized to seize and impound any and all Bootleg Merchandise bearing the Artist's Trademark which defendants, or those acting in concert with defendants, attempt to sell or are holding for sale in connection with the Artist's concert performances at Allegiant Stadium in Las Vegas, Nevada and with officially licensed retail sites operating in connection therewith (including any carton, container, or other means of carriage in which the Bootleg Merchandise is found), from April 5, 2022 through April 17, 2022, and within a five (5) mile radius of Allegiant Stadium; and

**IT IS HEREBY FURTHER ORDERED** that such confiscated Bootleg Merchandise shall be delivered to Plaintiffs' counsel or representatives, or their designees, pending final disposition of this action; and

**IT IS HEREBY FURTHER ORDERED** that this temporary restraining order be and is hereby conditioned upon Plaintiffs' filing with the Clerk of this Court an undertaking in the form of a bond, check, or cash in the amount of $_____, to secure the payment of costs and damages, not to exceed such sum, as may be suffered or sustained by any party who is wrongfully restrained hereby; and

///
///
///
///
///
///

1  **IT IS HEREBY FURTHER ORDERED** that service of copies of this Order, together with the Summons and Complaint, be made upon the defendants by the United States Marshal, state or local police, local deputy sheriffs, or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiffs, at the time any seizure provided herein is effectuated.

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE

DATED:_____