# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Hybe Co. Ltd. f/k/a Big Hit Entertainment Co. Ltd., Bighit Music Co. Ltd., and Hybe America Inc., <br><br> Plaintiffs <br><br> v. <br><br> John Does 1–100, et al., <br><br> Defendants | Case No.: 2:22-cv-00510-JAD-EJY <br><br> **Order Denying Motions for Temporary Restraining Order and Preliminary Injunction** <br><br> [ECF Nos. 8, 9] |

Plaintiffs are companies that hold the licenses and exclusive trademark rights to sell merchandise for BTS, a South Korean pop band. BTS will be performing concerts at Allegiant Stadium in Las Vegas in early April, so plaintiffs bring this trademark-infringement suit against unidentified potential bootleggers who plaintiffs anticipate will be selling counterfeit merchandise throughout BTS's tour. They move on an ex parte basis for an emergency temporary restraining order, preliminary injunction, and an order permitting local law enforcement and the U.S. Marshal Service to seize all counterfeit merchandise being sold within a five-mile radius of Allegiant Stadium from April 5, 2022, through April 17, 2022. Because this court does not entertain suits against Doe defendants and there are serious justiciability and jurisdictional issues raised by granting the relief plaintiffs seek, I deny their motions.

**Discussion**

**I.    Plaintiffs cannot overcome the jurisdictional and justiciability concerns raised by naming only phantom "Doe" defendants.**

Plaintiffs seek a restraining order and injunction against everyone and no one at the same time. They have not named a single defendant whom they expect to sell counterfeit merchandise

while BTS is performing in Las Vegas, but they seek to enjoin anyone who may do so. Plaintiffs have not adequately demonstrated that the relief they seek against unidentified Doe defendants can be granted by this court, both because they fail to identify an actual case or controversy for this court to address and because they fail to show that this court has personal jurisdiction over any defendant.

"The judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.'"[1] "In part, those words limit the business of federal courts to questions presented in an adversary context . . . . And in part those words define the role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to other branches of government."[2] Judicial power is limited to resolve these adversarial conflicts and should not be exercised "when courts doubt the existence of sufficient adversary interest to stimulate the parties to a full presentation of the facts and arguments."[3] And it is hornbook law that a federal court must have personal jurisdiction over a defendant before it can entertain an action against that defendant.[4] "[A] court does not have the power to order injunctive relief against a person over whom the court has not [acquired] in personam jurisdiction" or "to enjoin the behavior of the world at large."[5] Finally, "[a]s a general rule, the

---

[1] *Flast v. Cohen*, 392 U.S. 83, 94 (1968).

[2] *Id.* at 95.

[3] 13 Wright & Miller, Federal Practice & Procedure § 3530 (3d ed.).

[4] 4 Wright & Miller, Federal Practice & Procedure § 1063.1 (4th ed.) ("It is well-established that a federal court must have jurisdiction over both the person of the defendant . . . and the subject matter of the action before deciding the merits of the dispute.").

[5] *Joel v. Various John Does*, 499 F. Supp. 791, 792 (E.D. Wisc. 1980) (citing *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 395 U.S. 100, 111–112 (1969) and *Chase Nat'l Bank v. City of Norwalk*, 291 U.S. 431, 436 (1934)).

use of 'John Doe' to identify a defendant is not favored."[6] Without any identified defendants, it is impossible for me to determine whether this court has personal jurisdiction over those who may intend to infringe plaintiffs' marks.[7]

Without naming any defendants, and considering plaintiffs' stated belief that it will be difficult—if not impossible—to hale these defendants into court,[8] this case is not yet adversarial. And because the complaint and plaintiffs' motions fail to allege that any particular defendant has taken actions to infringe on their rights, plaintiffs cannot yet show that there is any actual case or controversy to be adjudicated. Plaintiffs only demonstrate that other unnamed people sold bootlegged merchandise at previous BTS shows in different cities in 2019 and 2021. Their entire motion is based on the assumption that bootleggers are likely to sell counterfeit merchandise in Las Vegas when BTS performs. That assumption—even if it's a well-founded one—is

---

[6] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Molnar v. Nat'l Broadcasting Co.*, 231 F.2d 684, 687 (9th Cir. 1956) ("[N]o[t] one of the Rules of Civil Procedure under which federal courts operate gives warrant for the use of" naming fictitious defendants and "no justification can be found therein" for the practice); *Copeland v. Northwestern Memorial Hosp.*, 964 F. Supp. 1225, 1234 (N.D. Ill. 1997) ("Claims against unknown persons are meaningless and uncompensable."); *Wood v. Worachek*, 437 F. Supp. 107, 100 (E.D. Wis. 1977) (noting that "a district court does not have jurisdiction over unnamed defendants unless they have been served with a summons and a copy of the complaint").

[7] *See, e.g.*, *Araca Merch. L.P. v. Does*, 182 F. Supp. 3d 1290, 1296 (S.D. Fla. 2016) (finding that, in similar action against Doe defendants, plaintiffs "have not made a sufficient showing that the [c]ourt has personal jurisdiction over the unknown defendants"); *Plant v. Doe*, 19 F. Supp. 2d 1316, 1320–21 (S.D. Fla. 1998) (same, noting that "the requirement that unknown parties have at least constructive notice is no dispensable formality; rather, it is an essential element of due process without which a court has no jurisdiction to bind the absent parties" (internal quotation marks omitted); *Brockum Co., a Div. of Krimson Corp. v. Various John Does*, 685 F. Supp. 476, 478 (E.D. Penn. 1988) (noting that "the necessary predicates for enjoining [persons under Federal Rule of Civil Procedure (FRCP) 65] is in personam jurisdiction and venue, neither of which have been adequately established by a competent showing in this action").

[8] *See* ECF No. 8-1 (counsel declaration, noting that it is "virtually impossible to provide formal notice of the action or this [motion] to defendants."); ECF No. 8 at 13 (noting that "the identities of the individual bootleggers will not be known until they are stopped and the goods seized, and even then the bootleggers often refuse to provide their true identities").

insufficient to demonstrate that there is a ripe dispute between parties on which the court could weigh in. Plaintiffs' failure to name defendants also makes it impossible for me to determine whether this court has personal jurisdiction over the people whom plaintiffs want this court to enjoin. So because plaintiffs have failed to meet threshold requirements to bring this suit, I decline to order the relief they seek.[9]

### III.  Plaintiffs fail to identify legal authority that permits this court to enter an injunction against unidentified persons.

Plaintiffs contend that this injunction can issue under 15 U.S.C. § 1116(a) of the Lanham Act or the court's injunctive-relief authority under Federal Rule of Civil Procedure (FRCP) 65(b).[10] Neither confers the broad authority that plaintiffs claim. The Lanham Act's injunctive-relief provision gives courts the power to grant injunctions "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant" of a registered trademark.[11] But nowhere in that provision does it grant courts the power to impose such injunctions on unidentified—and potentially nonexistent—persons, particularly when plaintiffs cannot point to any known individual who is likely to infringe on their marks in Las Vegas. And FRCP 65 permits a court to issue temporary restraining orders without notice but assumes the existence of an "adverse party" against whom the injunction will

---

[9] While plaintiffs identify various courts that have entered injunctive relief in this scenario, there are plenty of federal courts that have raised the same jurisdictional and justiciability issues that I raise here and have declined to award relief on those bases. *See supra* n.7; *see also, e.g.*, *Bravado Int'l Grp. Mech. Servs. v. Does 1-100*, 2019 WL 3425990, at *3 (E.D. Cal. July 30, 2019); *Live Nation Merch., Inc. v. Does*, 2018 WL 6326321, at *4 (S.D. Cal. Dec. 4, 2018); *Live Nation Merch., Inc. v. Does*, 2015 WL 12672733, at *1–2 (C.D. Cal. May 21, 2015); *Bravado Int'l Grp Merch. Servs. v. Smith*, 2012 WL 1155858, at *4 (M.D. Fla. Mar. 27, 2012).

[10] ECF No. 8 at 14.

[11] 15 U.S.C. § 1116(a).

4

be granted.[12]  But as of now, there is no adverse party against whom an injunction can issue. While plaintiffs make broad accusations about the difficulty in serving notice to bootleggers—who are aware their actions are illegal and purposefully evade the efforts of courts and law-enforcement officials to learn their identities and hold them to account for their illegal activity—none of those allegations solves for the fact that, without an actual defendant to enjoin, I cannot grant the relief plaintiffs seek.  I also realize that this result may leave plaintiffs without an adequate remedy to prevent the sale of counterfeit merchandise.  But as other courts have pointed out when faced with this dilemma, "it would appear that this controversy may be more appropriately addressed to the legislative or executive branches" to create some mechanism by which this evasive and illegal conduct can be addressed.[13]

## Conclusion

IT IS THEREFORE ORDERED that plaintiffs' motions for a temporary restraining order, preliminary injunction, and order of seizure **[ECF Nos. 8 and 9] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
April 4, 2022

---

[12] Fed. R. Civ. P. 65(b)(1).

[13] *Brockum*, 685 F. Supp. at 477 (quoting *Rock Tours, Ltd. v. Does*, 507 F. Supp. 63, 66 (N.D. Ala. 1981)) (cleaned up).